1   Stephen M. Doniger, Esq. (SBN 179314)
    stephen@donigerlawfirm.com
2   Scott A. Burroughs, Esq. (SBN 235718)
    scott@donigerlawfirm.com
3   DONIGER/BURROUGHS APC
    300 Corporate Pointe, Suite 355
4   Culver City, Califorina 90230
    Telephone:  (310) 590-1820; Facsimile:  (310) 417-3538
5
    Attorneys for Plaintiff, L.A. Printex Industries, Inc.
6
    Scott R. Miller (SBN 112,656)
7   smiller@cblh.com
    Keith Fraser (SBN 216,279)
8   kfraser@cblh.com
    CONNOLLY BOVE LODGE & HUTZ LLP
9   333 South Grand Avenue, Suite 2300
    Los Angeles, California 90071
10  Telephone:  (213) 787-2500; Facsimile:  (213) 687-0498

11  Attorneys for Defendant, Maurices Incorporated

12  Mark L. Eisenhut (SBN 185,039)
    meisenhut@calljensen.com
13  Scott P. Shaw (SBN 223,592)
    sshaw@calljensen.com
14  John T. Egley (SBN 232,545)
    jegley@calljensen.com
15  CALL & JENSEN
    610 Newport Center Drive, Suite 700
16  Newport Beach, California 92660
    Telephone:  (949) 717-3000; Facsimile:  (949) 707-3100

17  Kenneth R. Schachter (admitted *pro hac vice*)
    kschachter@sillscummis.com
18  SILLS, CUMMIS & GROSS P.C.
    One Rockefeller Plaza
19  New York, New York 10010
    Telephone:  (212) 500-1589; Facsimile:  (212) 643-6500
20
    Attorneys for Defendants Turn On Products, Inc.,
21  The TJX Companies, Inc. and The Cato Corporation

22  **(CASE CAPTION FOLLOWS ON NEXT PAGE)**

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC. a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TURN ON PRODUCTS, INC., individually and d/b/a "Younique," a New York Corporation; MAURICES INCORPORATED, a Minnesota Corporation; THE TJX COMPANIES, INC., individually and d/b/a "Marshalls" and "TJMaxx," a Massachusetts Corporation; THE CATO CORPORATION, individually and d/b/a "Cato Stores, Inc.," a North Carolina Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. CV10-05957 PSG (VGKx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[FED. R. CIV. P. 26(c)] |
| AND RELATED CROSS-CLAIM. | |

Pursuant to Fed.R.Civ.P. 26(c), Plaintiff L.A. Printex Industries, Inc. ("L.A. Printex") and Defendants Turn On Products, Inc., The TJX Companies, The Cato Corporation and Maurices Incorporated, through counsel undersigned, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in this action;

**GOOD CAUSE STATEMENT**

It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case. Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

(a)   Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

(b)   The names, or other information tending to reveal the identity of a party's supplier, designer, distributor, or customer;

(c)   Agreements with third-parties, including license agreements, distributor agreements, manufacturing agreements, design agreements, development agreements, supply agreements, sales agreements, or service agreements;

(d)   Research and development information;

(e)   Proprietary engineering or technical information, including product design, manufacturing techniques, processing information, drawings, memoranda and reports;

(f)   Information related to budgets, sales, profits, costs, margins, licensing of technology or designs, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

(g)   Information related to internal operations including personnel information;

(h)   Information related to past, current and future product development;

(i)   Information related to past, current and future market analyses and business and marketing development, including plans, strategies, forecasts and competition; and

(j)   Trade secrets (as defined by the jurisdiction in which the information is located).

Unrestricted or unprotected disclosure of such confidential technical, commercial or personal information would result in prejudice or harm to the

producing party by revealing the producing party's competitive confidential information, which has been developed at the expense of the producing party and which represents valuable tangible and intangible assets of that party. Additionally, privacy interests must be safeguarded. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

The parties agree, subject to the Court's approval, that the following terms and conditions shall apply to this civil action.

1    <u>Designated Material</u>.

1.1    Information or material may be designated for confidential treatment pursuant to this Protective Order by any party, person or entity producing or lodging it in this action (the "Designating Party"), if:  (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or (b) filed or lodged with the Court.  All such information and material and all information or material derived from it constitutes "Designated Material" under this Protective Order.

1.2    Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all Designated Materials designated under this Protective Order shall be used by the parties and persons receiving such Designated Materials solely for conducting the above-captioned litigation and any appellate proceeding relating thereto.  Designated Material shall not be used by any party or person receiving them for any business or any other purpose.  No party or person shall disclose Designated Material to any other party or person not entitled to receive such Designated Material under the terms of this Protective Order.  For purposes of this Protective Order, "disclose" or "disclosed" means to show, furnish, reveal or provide, indirectly or directly, any portion of the Designated

1  Material or its contents, orally or in writing, including the original or any copy of

2  the Designated Material.

3       2.    <u>Access to Designated Materials</u>.

4       2.1    <u>Materials Designated "CONFIDENTIAL"</u>:  Subject to the limitations

5  set forth herein this Protective Order, Designated Material may be marked

6  "CONFIDENTIAL" for the purpose of preventing the disclosure of information

7  or materials that the designating party in good faith believes is confidential.

8  Before designating any specific information or material "CONFIDENTIAL", the

9  Designating Party's counsel shall make a good faith determination that the

10  information warrants protection under Rule 26(c) of the Federal Rules of Civil

11  Procedure.  Such information may include, but is not limited to:

12       (a)    The financial performance or results of the Designating Party,

13  including without limitation income statements, balance sheets, cash flow

14  analyses, budget projections, and present value calculations;

15       (b)    Corporate and strategic planning by the Designating Party, including

16  without limitation marketing plans, competitive intelligence reports, sales

17  projections and competitive strategy documents;

18       (c)    Names, addresses, and other information that would identify

19  customers or prospective customers, or the distributors or prospective distributors

20  of the Designating Party;

21       (d)    Technical data, research and development data, and any other

22  confidential commercial information, including but not limited to trade secrets of

23  the Designating Party;

24       (e)    Information used by the Designating Party in or pertaining to its

25  trade or business, which information the Designating Party believes in good faith

26  has competitive value, which is not generally known to others and which the

27  Designating Party would not normally reveal to third parties except in

28  confidence, or has undertaken with others to maintain in confidence;

(f)     Information which the Designating Party believes in good faith falls within the right to privacy guaranteed by the laws of the United States or California; and

(g)     Information which the Designating Party believes in good faith to constitute, contain, reveal or reflect proprietary, financial, business, technical, or other confidential information.

(h)     The fact that an item or category is listed as an example in this or other sections of this Protective Order does not, by itself, render the item or category discoverable.

2.1.0  Materials designated "CONFIDENTIAL" may be disclosed only to the following Designees:

2.1.1  Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee, or recipient thereof;

2.1.2  Counsel retained as outside litigation attorneys of record in this action, and their respective associates, clerks, legal assistants, stenographic, videographic and support personnel, and other employees of such outside litigation attorneys, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations. "Counsel" explicitly excludes any in-house counsel whether or not they are attorneys of record in this action.

2.1.3  Consultants, including non-party experts and consultants retained or employed by Counsel to assist in the preparation of the case, to the extent they are reasonably necessary to render professional services in this action, and subject to the disclosure requirements of section 2.3.  Each consultant must sign a certification that he or she has read this Stipulated Protective Order, will abide by its provisions, and will submit to the jurisdiction of this Court regarding the enforcement of this Order's provisions.

2.1.4  No more than two (2) designated officers and/or employees of each party, who are reasonably necessary for the prosecution or defense of this action. A party's designated officers and/or employees may include in-house counsel. Each designated officer or employee must sign a certification that he or she has read this Stipulated Protective Order, will abide by its provisions, and will submit to the jurisdiction of this Court regarding the enforcement of this Order's provisions.

2.1.5  The Court, its clerks and secretaries, and any court reporter retained to record proceedings before the Court;

2.2    Materials Designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY":  Subject to the limitations in this Protective Order, Designated Materials may be marked "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" for the purpose of preventing the disclosure of information or materials which, if disclosed to the receiving party, might cause competitive harm to the Designating Party.  Information and material that may be subject to this protection includes, but is not limited to, technical and/or research and development data, intellectual property, financial, marketing and other sales data, and/or information having strategic commercial value pertaining to the Designating Party's trade or business.  Nothing in paragraph 2.1 shall limit the information or material that can be designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" under this paragraph.  Before designating any specific information "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," the Designating Party's counsel shall make a good faith determination that the information warrants such protection.

2.2.0  Materials designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" materials may be disclosed only to the following Designees:

2.2.1   Persons who appear on the face of Designated Materials marked "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" as an author, addressee, or recipient thereof;

2.2.2   Counsel for the parties to this action, as defined in section 2.1.2;

2.2.3   Consultants for the parties to this action, as defined in section 2.1.3; and

2.2.4   The Court, its clerks and secretaries, and any court reporter retained to record proceedings before the Court.

2.3     If any party wishes to disclose information or materials designated under this Protective Order as "HIGHLY CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" to any Consultant, it must first identify that individual to the Counsel for the Designating Party and submit a Certification of Consultant pursuant to Section 3.  Such identification shall include at least the full name and professional address and/or affiliation of the individual, his or her prior employment, consultancies or matters for the previous five (5) years, and all of the person's present employment or consultancies.  The Designating Party shall have fifteen (15) business days from receipt of such initial identification and signed certification to object in writing to disclosure to any individual so identified.  The parties shall confer in an attempt to resolve any objections informally, and approval by the Designating Party shall not be unreasonably withheld.  If the objections cannot be resolved, the objecting party may move within ten (10) business days following its objection for a protective order to prevent disclosure of "HIGHLY CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" materials to the individual under Local Rule 37.  In the event that such a motion is made, the party seeking to prohibit disclosure shall bear the burden of establishing good cause why the disclosure should not be made pursuant to Rule 26 of the Federal Rules of Civil Procedure.  Such Consultant(s) cannot have access to Designated Material until

1  these relevant time periods expire, including for final resolution of any timely

2  motion.

3       2.4   <u>Legal Effect of Designation</u>.  The designation of any information or

4  materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE

5  ATTORNEYS' EYES ONLY" is intended solely to facilitate the conduct of this

6  litigation.  Neither such designation nor treatment in conformity with such

7  designation shall be construed in any way as an admission or agreement by any

8  party that the Designated Materials constitute or contain any trade secret or

9  confidential information.  Except as provided in this Protective Order, no party to

10  this action shall be obligated to challenge the propriety of any designation, and a

11  failure to do so shall not preclude a subsequent attack on the propriety of such

12  designation.

13       2.5   Nothing herein in any way restricts the ability of the receiving party

14  to use "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE

15  ATTORNEYS' EYES ONLY" material produced to it in examining or cross-

16  examining any employee or consultant of the Designating Party.

17       3.   <u>Certificates Concerning Designated Materials</u>.  Each Consultant as

18  defined in section 2.1.3, to whom any Designated Materials will be disclosed

19  shall, prior to disclosure of such material, execute the Acknowledgement of

20  Stipulated Protective Order in the form attached hereto as Exhibit A.  Counsel

21  who makes any disclosure of Designated Materials shall retain each original

22  executed Acknowledgement of Stipulated Protective Order and shall circulate

23  copies to all Counsel for the opposing party concurrently with the identification

24  of the Consultant to the attorneys for the Designating Party pursuant to Section

25  2.3.

26       4.   <u>Use of Designated Materials by Designating Party</u>.  Nothing in this

27  Protective Order shall limit a Designating Party's use of its own information or

28  materials, or prevent a Designating Party from disclosing its own information or

1   materials to any person.  Such disclosure shall not affect any designations made

2   pursuant to the terms of this Protective Order, so long as the disclosure is made in

3   a manner that is reasonably calculated to maintain the confidentiality of the

4   information.

5           5.      <u>Manner of Designating Written Materials</u>.

6           5.1     Documents, discovery responses and other written materials shall be

7   designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE

8   ATTORNEYS' EYES ONLY" whether in whole or in part, as follows.

9           5.2     The producing party shall designate materials by placing the legend

10  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

11  EYES ONLY" on each page so designated prior to production.  If the first or

12  cover page of a multi-page document bears the legend "CONFIDENTIAL,"

13  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" the

14  entire document shall be deemed so designated, and the absence of marking each

15  page shall not constitute a waiver of the terms of this Order.  If the label affixed

16  to a computer disk containing multiple files bears the legend

17  "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

18  ONLY" the entire disk shall be deemed so protected, and the absence of marking

19  of each file shall not constitute a waiver of the terms of this Order.

20          5.3     A designation of ""CONFIDENTIAL," or "HIGHLY

21  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" as to any item,

22  thing or object that cannot otherwise be categorized as a document, shall be

23  made: (1) by placing the legend "CONFIDENTIAL," or "HIGHLY

24  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on the thing,

25  object or container within which it is stored; or (2) by specifically identifying, in

26  writing, the item and the level of confidentiality designation, where such labeling

27  is not feasible.

28

5.4      When a party wishes to designate as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" materials produced by someone other than the Designating Party (a "Producing Party"), such designation shall be made:

5.4.1  Within fifteen (15) business days from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

5.4.2  By notice to all parties to this action and to the Producing Party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material).  Such notice shall be sent by facsimile and regular mail.

5.4.3.  A party shall be permitted to designate as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" material produced by a Producing Party only where:

a.  The material being produced was provided to or developed by such Producing Party: (i) under a written confidentiality agreement with the Designating Party; or (ii) within a relationship with the Designating Party (or a party operating under the control thereof) in which confidentiality is imposed by law (including, but not limited, to the employment relationship and the vendor-customer relationship); and

b.  The material being produced would be considered confidential material of the Designating Party under Section 2.1 of this Agreement if it were in the possession of the Designating Party.

5.5      Upon notice of designation, all persons receiving notice of the requested designation of materials shall:

5.5.1  Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

5.5.2  Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Protective Order; and

5.5.3  If "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" material or information contained therein is disclosed to any person other than those entitled to disclosure in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Designating Party in writing of all pertinent facts relating to such disclosure, and shall make every effort to prevent further disclosure by the unauthorized person(s).

6.    Manner of Designating Deposition Testimony.

6.1    Deposition transcripts and portions thereof taken in this action may be designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" during the deposition or after, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."  The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

6.2    Where testimony is designated during the deposition, the Designating Party shall have the right to exclude, at those portions of the deposition, all persons not authorized by the terms of this Protective Order to receive such Designated Material.

6.3    Within thirty (30) days after a deposition transcript is certified by the court reporter, any party may designate pages of the transcript and/or its exhibits as Designated Material.  During such thirty (30) day period, the transcript in its entirety shall be treated as "CONFIDENTIAL" (except for those portions identified earlier as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

EYES ONLY" which shall be treated accordingly from the date of designation). If any party so designates such material, the parties shall provide written notice of such designation to all parties within the thirty (30) day period.  Designated Material within the deposition transcript or the exhibits thereto may be identified in writing by page and line, or by underlining and marking such portions "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and providing such marked-up portions to all counsel.

7.   Copies.  All complete or partial copies of a document that disclose Designated Materials shall be subject to the terms of this Protective Order.

8.   Court Procedures.

8.1   Disclosure of Designated Material to Court Officials.  Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master, referee, expert, technical advisor or Third-Party Consultant appointed by the Court), and to the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

8.2   Filing Designated Materials with the Court.  Nothing in this Order shall vary the requirements for filing under Seal imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  If a party wishes to file with the Court any document, transcript or thing containing information which has been designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" the Party shall designate the material as set forth herein and file it with the Court in an application for filing under seal under the Local Rules of this Court, with the material bearing the legend:

**"[CONFIDENTIAL, or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY] INFORMATION SUBJECT TO PROTECTIVE ORDER."**

The Application for Filing under Seal must show good cause for the under seal filing. Filing the document under seal shall not bar any party from unrestricted use or dissemination of those portions of the document that do not contain material designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."  If a filing party fails to designate information as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," any party who in good faith believes that designation and filing under seal is required by this Protective Order may move the Court to file said information under seal within five (5) days of learning of the defective filing.  Notice of such designation shall be given to all parties.  Nothing in this provision relieves a party of liability for damages caused by failure to properly file Designated Material under seal.

8.3    Retrieval of Designated Materials.  The party responsible for lodging or filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following the final termination of the action (including after any appeals).

9.    Objections

9.1    A party may challenge any designation under this Protective Order at any time, on the grounds that the information or material does not meet the standards of Sections 1 and 2, by following the procedure of Local Rule 37 of this Court.

9.2    The parties shall meet and confer in good faith prior to the filing of any motion under this section.

10.    Client Communication.  Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material.  In rendering such advice and otherwise communicating with the client,

however, counsel shall not disclose any Designated Material, except as otherwise permitted by this Protective Order.

11.   <u>No Prejudice</u>.

11.1   This Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consented in writing before the disclosure takes place.

11.2   Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

11.3   If any party required to produce documents contends that it inadvertently produced any Designated Material without marking it with the appropriate legend, or inadvertently produced any Designated Material with an incorrect legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped substitute copies of the Designated Material.  If the parties collectively agree to replacement of the Designated Material, then the documents will be so designated.  Within five (5) business days of receipt of the substitute copies, the receiving party shall return the previously unmarked or mismarked items and all copies thereof.  If the parties do not collectively agree to replacement of the Designated Material, the producing party shall comply with the procedure of Local Rule 37 in seeking protection for the inadvertently produced material.

11.4   Neither the provisions of this Protective Order, nor the filing of any material under seal, shall prevent the use in open court, in deposition, at any hearing, or at trial of this case of any material that is subject to this Protective Order or filed under seal pursuant to its provisions.  At deposition, the party using Designated Material must request that the portion of the proceeding where use is made be conducted so as to exclude persons not qualified to receive such

Designated Material.  At trial, the party using Designated Material must request that the portion of the proceeding where use is made be conducted so as to exclude persons not qualified to receive such Designated Material.  All confidentiality designations or legends placed pursuant to this Stipulated Protective Order shall be removed from any document or thing used as a trial exhibit in this case.  The removal of such confidentiality designations or legends under the preceding sentence shall not affect the treatment of such documents and things as Designated Material under this Stipulated Protective Order.  Upon request of a party, the parties shall meet and confer concerning the use and protection of Designated Material in open court at any hearing.  Prior to the pretrial conference, the parties shall meet and confer concerning appropriate methods for dealing with Designated Material at trial.

11.5   Any inadvertent production of documents containing privileged information shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege or doctrines.  All parties specifically reserve the right to demand the return of any privileged documents that it may produce inadvertently during discovery if the producing party determines that such documents contain privileged information.  After receiving notice of such inadvertent production by the producing party, the receiving party agrees to make reasonable and good faith efforts to locate and return to the producing party all such inadvertently produced documents.

12.   <u>Modification and Survival</u>.

12.1   <u>Modification</u>.  The parties reserve the right to seek modification of this Protective Order at any time for good cause.  The parties agree to meet and confer prior to seeking to modify this Protective Order for any reason. The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties or by order of this Court.  Parties entering into

1  this Protective Order will not be deemed to have waived any of their rights to

2  seek later amendment to this Protective Order.

3      12.2   Trial.  The parties understand that this Protective Order does not

4  extend to trial of this Action. Once the case proceeds to trial, all of the

5  information that was designated as confidential and/or kept and maintained

6  pursuant to the terms of this Protective Order becomes public and will be

7  presumptively available to all members of the public, including the press, unless

8  good cause is shown to the district judge in advance of the trial to proceed

9  otherwise.

10     12.3   Survival and Return of Designated Material.  This Protective Order

11 shall survive termination of this action prior to trial of this action.  Upon final

12 termination of the action prior to trial of this action, and at the written request

13 of the Designating Party, all Designated Material, including deposition

14 testimony, and all copies thereof, shall be returned to counsel for the

15 Designating Party (at the expense of the Designating Party) or (at the option

16 and expense of the requesting party) shall be destroyed.  Upon request for the

17 return or destruction of Designated Materials, counsel shall certify their

18 compliance with this provision and shall serve such certification to counsel

19 for the Designating Party not more than ninety (90) days after the written

20 request to return or destroy Designated Materials.  Counsel who have

21 submitted one or more Certificate(s) prepared pursuant to Section 3 do not

22 need to retain such Certificate(s) past the ninety (90) day period.

23     12.4   Archival Copies.  Notwithstanding the provisions for return or

24 destruction of Designated Material, each counsel may retain its internal files

25 of pleadings, correspondence, work product, deposition and discovery

26 materials, etc., as well as one copy of each item of Designated Material, for

27 archival purposes.

28

13.  <u>No Contract</u>.  This Protective Order shall not be construed to create a contract between the parties or between the parties and their respective counsel.

14.  <u>Court's Retention of Jurisdiction</u>.  The Court retains jurisdiction after final termination of the action prior to trial, to enforce this Stipulation.

15.  <u>Exception for Public Information</u>.  Nothing in this Stipulation shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this action, whether or not the same material has been obtained during the course of discovery in the action and whether or not such documents or information have been designated hereunder.  However, in the event of a dispute regarding such independent acquisition, a party wishing to use any independently acquired documents or information shall bear the burden of proving independent acquisition.

**IT IS SO ORDERED.**

Dated:  _January 4, 2011____        _____/s/_____
                                        Honorable Victor B. Kenton
                                        United States Magistrate Judge

1

## **STIPULATION**

2      IT IS HEREBY STIPULATED by and among the parties, through their

3  respective counsel, this Honorable Court consenting, that the foregoing Stipulated

4  Protective Order may be entered in this action.

5  DATED:  December 17, 2010      DONIGER/BURROUGHS APC

6

7                                          By:_____ */s/ Scott A. Burroughs*_____
                                                    Scott A. Burroughs
8                                          Attorneys for Plaintiff
                                           L.A. Printex
9
   DATED:  December 17, 2010      CONNOLLY BOVE LODGE & HUTZ LLP
10

11

12                                         By:_____ */s/ Keith D. Fraser*_____
                                                    Keith D. Fraser
13                                         Attorneys for Defendant and Cross-
                                           Claimant Maurices Incorporated

14  DATED:  December 17, 2010      SILLS CUMMIS & GROSS PC

15

16                                         By:_____ */s/ Kenneth R. Schachter*_____
                                                    Kenneth R. Schachter
17                                         Attorneys for Defendant and Cross-
                                           Defendant Turn On Products, Inc., and
18                                         Defendants The TJX Companies, Inc. and
                                           The Cato Corporation
19
   DATED:  December 17, 2010      CALL & JENSEN
20

21

22                                         By:_____ */s/ Mark L. Eisenhut*_____
                                                    Mark L. Eisenhut
23                                         Attorneys for Defendant and Cross-
                                           Defendant Turn On Products, Inc., and
                                           Defendants The TJX Companies, Inc. and
24                                         The Cato Corporation

25

26

27

28

1

**Exhibit A**

2

3

**UNITED STATES DISTRICT COURT**

4

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

5

6   L.A. PRINTEX INDUSTRIES, INC. a California Corporation,

Case No. CV10-05957 PSG (VGKx)

7

Plaintiff,

**ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER**

8

v.

9

TURN ON PRODUCTS, INC., et al.,

**[Fed.R.Civ.P. 26(c)]**

10

Defendants.

11

12

AND RELATED CROSS-CLAIM.

13

14

15       The undersigned hereby acknowledges that he/she has read the

16   STIPULATED PROTECTIVE ORDER entered in the above captioned litigation,

17   and that he/she fully understands and agrees to abide by the obligations and

18   conditions thereof.

19

20   Dated: _____          _____

21                                            (Signature)

22                                            _____

23                                            (Print Name)

24

25

26

27

28